**MERCHANTS AND MECHANICS FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Jack D. LEWIS, et al., Defendants.**

**In the Matter of Jack D. LEWIS, Debtor.**

**Adv. No. 3–82–0153.**
**Bankruptcy No. 3–82–00483.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

June 30, 1982.

---

8. *Id.* at 557 (citations omitted).

9. In view of our disposition of the Trustee's motion, we do not consider his other contentions in support of that motion.

Thomas R. Noland, Dayton, Ohio, for debtor/defendant.

Jerome M. Strozdas, Springfield, Ohio, for plaintiff.

Fred J. Andary, Dayton, Ohio, for Ordanik.

John D. Squires, Dayton, Ohio, for Baldwin United and Huntington Bank.

George W. Ledford, Englewood, Ohio, trustee Chapter 13.

Kirk Sampson, Cincinnati, Ohio, for Home State Sav. Assn.

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon the "Complaint Objecting to Confirmation of Chapter 13 Plan and Requesting Modification of Stay" filed on 18 March 1982 by Merchants and Mechanics Federal Savings and Loan Association, (the mortgagee). The matter was tried on 24 May 1982, at which time the parties agreed to consolidate this matter for decision with the five other objections to confirmation of Debtor's Plan. These objections, (Case 3–82–00483, Adv. (A), (B), (C), (D) and (E)) were raised by the Trustee in Bankruptcy and various creditors, and all request denial of plan confirmation, dismissal of Debtor's Chapter 13 proceeding, and/or conversion of this proceeding to Chapter 7.

The Debtor filed a petition for relief under Chapter 13 on 22 February 1982.

The Proposed Plan in summary, provides that secured creditors shall be paid *pro rata* the value of their secured claims, shall retain their liens until completion of payments under the Plan, and shall be treated as unsecured on the unsecured portions of their claims. Secured claims would bear interest of 10%. Unsecured claims would be paid *pro rata* subsequent to secured claims at 3 per cent of their claims. Debtor who is a realtor, also doing business as Jack D. Lewis Realty, Inc., a corporation not dissolved, which is employed in banking and for personal expenses.

On 17 March 1982 two objections to confirmation were filed and on 18 March 1982 a third objection to confirmation was filed and on 1 April 1982 a fourth objection to confirmation was filed. Two adversary proceedings were filed on 18 March 1982 and 29 March 1982 objecting to confirmation and seeking relief from the automatic stay.

The Debtor testified that he anticipates sufficient income to fund the plan payments of $1,950.00 monthly, and to sell various parcels of real estate within 6 months or consent to liquidation. Unfortunately, at the present time his estate shows a "negative cash flow" from rentals, not even sufficient to make regular mortgage payments.

It is the determination of the Court that the evidence of record indicates that Debt-

or's proposed Plan is not feasible. Furthermore, there is insufficient potential in the estate to justify exercise of court jurisdiction to protect the value of the estate for only 3% distribution to unsecured creditors. It is further finding of the Court that the mortgagee's interest is inadequately protected, conformably to this Court's opinions in *First Investment Company v. Custer, et al.*, 18 B.R. 842, 8 B.C.D. 1067 (Bkrtcy.1982), and *Percy Wilson Mortgage and Finance Corporation v. McCurdy, et al.*, —— B.R. —— Case 3–82–00361, Adv. 3–82–0115 (June 25, Bkrtcy.1982).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Merchants and Mechanics Federal Savings and Loan Association is granted relief under 11 U.S.C. §§ 362(d) and 1301(c)(3) to proceed with the foreclosure suit now pending in the Common Pleas Court of Greene County (Ohio).

IT IS FURTHER ORDERED that confirmation of Debtor's Plan is denied conformably to 11 U.S.C. § 1325 and the previous decisions by this Court cited herein.